In re **HIGHWAY EQUIPMENT COMPANY, dba Highlift Equipment Company, U.S. Equipment Company, Debtors-in-Possession.**

**HIGHWAY EQUIPMENT COMPANY et al., Plaintiffs,**

v.

**CROCKER COMMERCIAL SERVICES, INC., et al., Defendants.**

Bankruptcy No. 1–85–01667.
Adv. No. 1–86–0012.

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 19, 1986.

See also, Bkrtcy., 61 B.R. 58.

David S. Levine, Cincinnati, Ohio, for Crocker Commercial Services.

Joseph H. Vahlsing, Cincinnati, Ohio, for Caterpillar Indus., Inc., Caterpillar Financial Services and Caterpillar Tractor Co.

Don R. Gardner and Kevin E. Irwin, Cincinnati, Ohio, for Highway Equipment Co.

Richard M. Haines, Cincinnati, Ohio, for Bank One, Dayton, N.A.

Gerald E. Rosen, Detroit, Mich., for Comerica Bank.

Richard A. Schwartz, Cincinnati, Ohio, for Gen. Elec. Credit Corp.

## DECISION and ORDER ON MOTION FOR SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

At Cincinnati, in said District, on the 19th day of November, 1986.

Plaintiff, Highway Equipment Company, (hereafter "Highway"), pursuant to separate motion and court order, sold assets known as "The Highlift Division".[1] The proceeds from that sale are currently being held in escrow. In this adversary proceeding against multiple defendants, plaintiffs seek a determination of the rights of the various parties to the proceeds from the sale. Plaintiffs, in their complaint, also seek certain affirmative relief.

The plaintiffs have already settled the interests of some defendants: Baker Material Handling Corporation prevailed on its motion for summary judgment as to its lien on one particular piece of equipment by entry dated June 9, 1986; a judgment was entered that Fifth Third Bank has no liens on the assets or proceeds; and a like judgment was entered that City Bank has no lien on the assets or the proceeds. Defendant Moore, Owens and Thomas has not filed an answer or in any other way defended this action. Likewise, the State of Ohio has not filed an answer or in any other way

---

**1.** Plaintiffs in this adversary proceeding are two debtors: Highway Equipment Company, dba Highlift Equipment Company, Case No. 1–85–01667, and U.S. Equipment Company, Case No. 1–85–01958. The two cases were substantively consolidated by court order dated November 1, 1985, with all filings to be made under Case No. 1–85–01667.

defended this matter. Answering defendants whose interests have not been resolved are Crocker Commercial Services (hereinafter "Crocker"), Caterpillar Industrial, Inc., Caterpillar Financial Services, Caterpillar Tractor Company, Bank One of Dayton, General Electric Credit Corporation, and Comerica.

Aside from the demand in the complaint to determine the various lien rights of the defendants, plaintiffs assert that they are entitled to affirmative relief against Caterpillar Industrial and Caterpillar Tractor Company (hereinafter jointly "Caterpillar"). These various demands state that these entities have been overpaid because Caterpillar was to credit debtor with various credits. Caterpillar, therefore, plaintiff says, owes debtor a refund. Caterpillar has answered, denying that plaintiffs are entitled to affirmative relief, and has further set forth counterclaims against the plaintiffs. Plaintiffs have replied to these counterclaims.

█ Crocker, defendant, has now brought this motion for summary judgment stating there is no question that it holds a first and best lien on all the proceeds presently in the escrow account, that its lien exceeds the amount held in escrow, and it is therefore entitled to a judgment. It is noteworthy that the motion is for affirmative relief and is brought by a defendant whose only controversy is with other defendants here, identified jointly as Caterpillar, against whom it has not in its pleading sought affirmative relief. Only Caterpillar has filed a response to Crocker's motion.

In its memorandum, Crocker states that the only issues to be resolved by this court are whether Crocker had the first and best security interest in all the assets which had been sold, and whether Crocker is an undersecured creditor pursuant to § 506(b) of the Bankruptcy Code. Crocker asserts it entered into a security and loan agreement with Highway[2] on June 25, 1983, pursuant

to which Crocker was granted a security interest in all of Highway's inventory, accounts, chattel paper, deposit accounts, and product and proceeds of the aforementioned property. Crocker also asserts that it perfected its security interest by filing appropriate UCC statements with the Secretary of State on June 1, 1983. Further, Crocker says that it entered into a new security and loan agreement with Highway on July 25, 1985, after the commencement of the bankruptcy proceedings, and in this agreement Crocker was also granted a first priority security interest in all inventory, accounts, chattel paper, deposit accounts, and products and proceeds of the aforementioned property, and certain other items not here relevant. This second security and loan agreement was authorized by order of this court. Crocker asserts that it filed appropriate UCC financing statements to evidence its perfected security interest in all the assets of Highway. Crocker asserts that no other defendant in this adversary proceeding has claimed a security interest prior in time to the security interest of Crocker, other than Baker Material Handling Company, and Baker's interest has been resolved. Crocker acknowledges that the only entity which would have a potential claim as a prior holder is Caterpillar. However, Crocker asserts that Caterpillar has been paid in full and, therefore, could have none of the proceeds from the sale.

The material which Crocker has attached to its motion for summary judgment includes an affidavit by Joseph M. Taylor which states that as of July 31, 1986, the balance due Crocker under its loan security agreement with Highway was $8,900,-495.55. This affidavit further states that, to the best of the affiant's knowledge, the fair market value of the assets which secure the loan is $5,611,000.00. (Ex. A.) Also attached is the security and loan agreement entered into on June 25, 1983, by which Crocker took a security interest

---

**2.** While Crocker refers to transactions with the "debtor" in its motion, the evidentiary material attached show that the security and loan agreements are between Crocker and Highway Equipment Company.

in all the inventory, accounts, chattel paper, deposits at Crocker National Bank, products and proceeds of the property, and present and future books and records. (Ex. A–1.) Exhibit A–2 is the UCC form, filed on July 1, 1983. The description of the collateral in that financing statement was amended on August 24, 1983, to exclude "new Caterpillar parts, remanufactured or rebuilt parts, purchased from Caterpillar Tractor Company and any credit account being held by Caterpillar Tractor Company on debtor's behalf."

Crocker also includes, for the purposes of this motion, Exhibit A–5 which is the security and loan agreement entered into between Crocker and Highway on July 26, 1985. Part 5 of that agreement is entitled "Creation of a Security Interest" and reads, in part:

> Except for liens filed and perfected against debtor as of the commencement of the bankruptcy proceedings [which was July 2, 1985] debtor hereby grants to Crocker a first priority security interest in all the following property of the debtor, whether now owned or hereafter acquired to secure payment and performance of the indebtedness:
>
> \*     \*     \* ˚     \*     \*     \*

Exhibits A–3 and A–4 are the copies of the financing statements filed in Kentucky and Indiana. Exhibit A–6 is a copy of the order granting the motion of debtor-in-possession for authority to incur the secured debt, to enter into post-petition financing agreement, and provide for priority liens to such post-petition financing pursuant to § 364(c) entered in this court.

In opposing the present motion for summary judgment, Caterpillar asserts that Crocker does not have the first and best lien. Attached to its memorandum as Exhibit A is a security agreement dated April 12, 1983, between the Towmotor Corporation, now known as Caterpillar Industrial, Inc., and Highway, in which Highway gives Caterpillar a security interest in various equipment. As Exhibit B to the Caterpiller memorandum is also attached a UCC financing statement for that security agree-ment filed April 22, 1983 with the Secretary of State in Ohio. Exhibit C is a security agreement entered into on June 12, 1984, with Highway in which the Towmotor Corporation takes a security interest in various equipment. A UCC financing statement for this security agreement was filed on January 2, 1985 in the Secretary of State's office in Ohio.

The facts that we have before us on which Crocker wishes us to grant it summary judgment are that it has a perfected security interest, perfected on July 1, 1983, and a post-petition security interest granted on June 25, 1985. There is, however, unrefuted evidence before us that Caterpillar has a security interest in property of plaintiff's that was perfected on April 2, 1983 and January 2, 1985. Crocker's own financing statements and security agreements reflect that there were items of Caterpillar equipment which were not covered by their security interest.

We cannot ascertain from this evidence who has the first and best lien on the proceeds from the sale of the Highlift Division. We have no information as to what type of equipment was sold, nor as to whether what was sold was that covered by the security agreement of Caterpillar or that of Crocker, or both. Therefore, there is a genuine issue of material fact concerning who is entitled to the proceeds.

■ Crocker's argument that Caterpillar has been paid in full, and therefore has no lien on the proceeds, is misleading. Plaintiffs in this adversary proceeding are seeking affirmative relief against Caterpillar. Caterpillar argues that if plaintiffs are successful on this claim, Caterpillar would then reassert its first lien position as to the assets held in escrow.

It cannot be said that there exists no genuine issue of material fact, nor that Crocker is entitled, as a matter of law, to the relief it seeks. Crocker's motion for summary judgment is therefore denied. Furthermore, it must be said that in view of the fact that Caterpillar may be in a position to contend that it holds a prior lien

or liens, coupled with the existence of the outstanding unresolved claim that plaintiffs are entitled to recover payments made to Caterpillar, Crocker's present motion is at best premature.

So Ordered.